STATE v. JOHN R. X. COTTON.

210 N. W. 2d 244.

August 17, 1973—No. 43765.

*Thomson, Wylde & Nordby* and *Jack S. Nordby,* for relator.
*Warren Spannaus,* Attorney General, *Kenneth J. Fitzpatrick,* City Attorney, and *Harriet Lansing,* Assistant City Attorney, for respondent.

PER CURIAM.

Writ of certiorari was granted to review an order of the St. Paul municipal court summarily holding relator in contempt of court and sentencing him to a term of 90 days in the workhouse. We reverse and hold that as a matter of law relator's acts were not contemptuous.

On May 1, 1972, relator, whose wife had been subpoenaed as a witness in a simple assault case scheduled for trial that morning, appeared in the anteroom to the chambers of the judge who was scheduled to sit in the case and gave the judge a handwritten note which read as follows:

> "I KNOW YOU ARE A TRAVELING MAN MUCK MUD SAYS YOU ONLY HAVE A FEW DAYS LEFT ON THE PLANET MAY ALLAH BLESS YOU FOR YOUR TRUE JUSTICE RENDERED TO ME AND MINE.
>
> AS-SAALAM-ALAIKUM
> /s/ John R. X. Cotton"

Minutes later in open court the judge questioned relator about the meaning of this note. In response relator, unrepresented by counsel, explained that "Muck Mud" was another name for "The Honorable Elijah Muhammad." Relator stated further that he intended the note as a plea for justice in the case in which the judge was about to sit, not (as the judge suggested) as a threat. The judge, rejecting this explanation, adjudged relator in contempt of court and sentenced him to 90 days in the workhouse.

After the district court quashed a writ of certiorari for lack of jurisdiction, relator filed a petition in this court. Relator is free on bail pending the outcome of this appeal.

We base our decision to reverse on In re Little, 404 U. S. 553, 92 S. Ct. 659, 30 L. ed. 2d 708 (1972), in which the Supreme Court reversed the contempt conviction of a defendant who, acting as his own counsel at his trial on a charge of carrying a concealed weapon, had stated in summation that he was a political prisoner and had charged the trial judge with bias and prejudice. The Supreme Court held that the petitioner's statements in that case were, as a matter of law, not contemptuous, as they were not uttered in a boisterous tone, did not actually disrupt the trial, and did not constitute an imminent threat to the administration of justice. In the instant case the relator not only was not boisterous but apparently acted in a respectful manner when called upon to explain his note. He denied that he intended it as a threat and maintained that he meant it only as a plea for justice in the pending case in which his wife had been called as a witness. Indeed, one would have to read into the note something which is not clearly there to conclude that relator intended the note as a threat. It seems extremely unlikely that

relator would have signed his name to the note if he had intended it as a threat, or, if he were bold enough to do this, that he would back down seconds later and deny that it was a threat.

Because we have concluded that relator's conduct was, as a matter of law, not contemptuous, we need not consider the other issues he raises.

Reversed.